IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE:   CHRISTOPHER ERIC OLSON and   CASE NO. 5:08-bk-71420B
         LYNETTE MARIE OLSON                                Chapter 7

Debtors

### MOTION TO COMPEL DEBTORS TO PRODUCE DOCUMENTS REQUIRED BY GENERAL ORDER NO. 26 AND 11 U.S.C. § 521

Comes Nancy J. Gargula, United States Trustee for Region 13 ("UST") by her trial attorney, Richard H. Sforzini, Jr., and for her Motion to Compel Debtors to Produce Documents Required by General Order No. 26, 11 U.S.C. § 521 (the "Motion") states:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157(b)(2)(A) and 1334.

2. The UST is a party of interest in this case pursuant to 11 U.S.C. §307.

3. This Motion is made pursuant to 11 U.S.C. §§521, 704(b), 707(a), and Fed. R. Bank. P. Interim Rules 1007(b), and General Order No. 26.

4. Pursuant to 11 U.S.C. § 704(b)(1)(a), the UST reviewed the petition, schedules, and statements filed by the Debtors. Based on that review, on April 17, 2008, the UST sent a letter to Debtors' attorney, a copy of which is attached as **Exhibit 1,** requesting that, within ten days from the date of the letter, or by April 27, 2008, the Debtors provide the UST with documentation as required by 11 U.S.C. § 521(a)(1)(B)(iv), (v) and (vi),which pursuant to General Order No. 26 is not to be filed with the court but to be provided upon request to the United States Trustee. General Order No. 26 provides:

       II.     Pursuant to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the provisions of which mostly become effective on October 17, 2005, this General Order modifies specific Interim Bankruptcy Rules previously adopted by General Order 25 entered October 14, 2005, as follows:

....

2. Interim Rule 1007 is modified as follows:

Debtors who file a voluntary petition under Chapter 7 or Chapter 13 are not required to file with the Court the additional documents required by 11 U.S.C. § 521(a)(1)(B)(iv)(regarding payment advices or evidence of payment), (v)(regarding a statement of the amount of monthly net income), and (vi) (regarding a statement disclosing reasonably anticipated increases in income or expenditures). Upon request in writing made by the United States Trustee, the case Trustee, the Chapter 13 Trustee, or any other party in interest, a bankruptcy Debtor shall provide copies of the excluded documents to the requesting party without further order of this Court or formal discovery request, unless the production of these documents is excused by protective order. Failure to provide the documents required by this paragraph may be grounds for dismissal after notice and a hearing.

5.     Pursuant to 11 U.S.C. § 704(b)(1), not later than ten (10) days after the date of the first meeting of creditors, the UST is required to file with the court a statement as to whether the Debtors' case would be presumed to be an abuse under 11 U.S.C. § 707(b). In order to make such determination, the UST needs to review the documentation required to be produced by the Debtors to the UST pursuant to General Order No. 26 and 11 U.S.C. § 521.

6.     As of the filing of this motion and despite the UST's request for such information, the information and documentation have not been provided to the UST, and the Debtors have provided no explanation for such failure and have made no request for an extension of time.

7. Debtors' failure to provide the requested information impairs and interferes with the statutorily mandated requirement for the United States Trustee to enforce 11 U.S.C. § 707(b), and the UST seeks an order from this Court compelling the Debtors to forthwith provide to the UST all documents required by 11 U.S.C. §521 and General Order No. 26.

WHEREFORE, the UST prays that this court enter an order compelling the Debtors to forthwith produce to the UST all documents required by 11 U.S.C. § 521 and General Order No. 26, and further prays for all other proper relief.

Respectfully submitted,

NANCY J. GARGULA
UNITED STATES TRUSTEE

CHARLES W. TUCKER
ASSISTANT UNITED STATES TRUSTEE

By: _____
RICHARD H. SFORZINI, JR. (Bar No. 2007320)
200 West Capitol, Suite 1200
Little Rock, AR 72201
PH: (501) 324-7357
FAX: (501) 324-7388
E-mail: richard.h.sforzini@usdoj.gov

CERTIFICATE OF SERVICE

  The undersigned certifies that on the 30th day of April, 2008, a copy of the foregoing was served by United States Mail, postage prepaid, upon the following party not receiving electronic notification:

    Mr. and Mrs. Christopher Eric Olson
    2363 John W. Montgomery Circle
    Pea Ridge, AR  72751


    _____
    Richard H. Sforzini, Jr.



## U.S. Department of Justice

*United States Trustee*
 *Region 13*
*Arkansas, Missouri and Nebraska*

---

*Bank of America Building*
*200 West Capitol, Suite 1200*　　　　　　　　　　　　(501) 324-7357
*Little Rock, AR 72201*　　　　　　　　　　　　FAX (501) 324-7388

April 17, 2008

J. Robin Pace
Attorney at Law
2106 S. Walton, Ste D
Bentonville, AR 72712

Re: Christopher Eric Olson & Lynette Marie Olson 5:08-bk-71420-B

Dear Mr. Pace:

This office has performed a preliminary review of the debtor's means test as well as the petition, schedules and statement of affairs filed with the court in the above-captioned case. Based on the review, the U.S. Trustee requests, pursuant to 11 U.S.C. § 521(a) & (e) and General Order 26 that the debtor provide:

- Copies of the <u>Debtor and Co-Debtor's</u> pay stubs or other evidence of all payments received within 60 days before the date the petition was filed.
- A statement of the amount of monthly net income, itemized to show how the amount was calculated.
- Statement disclosing any reasonably anticipated increase in income or expenditures over the 12 month period following the filing of the petition.
- Copy of the debtor's most recent federal income tax return, or transcript of such return.

Please send the documents to Mr. Kerry Cone by **April 27, 2008,** at the above address or email the documents to **Kerry.G.Cone@usdoj.gov.**

Receipt of the pay stubs and tax returns may be sufficient to complete our review of the debtor's case. You will be notified by separate letter if additional documentation is required. Thank you for your cooperation in this matter. Failure to reply to this request may delay the debtor's discharge and could be the basis for seeking dismissal of the debtor's case. If you have any questions, you can **contact** Mr. Cone at (501) 324-7357 **extension #** 111.
Sincerely,

CHARLES W. TUCKER
ASSISTANT UNITED STATES TRUSTEE

EMA
By: Ms. Eliane Archambeault
　　　Legal Clerk

# EXHIBIT 1